1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    MARILYN YVETTE COOK,                        Case No.  23-cv-04619-JCS
              Plaintiff,
8
          v.                                     **ORDER TO SHOW CAUSE RE
9                                                DISMISSAL UNDER 28 U.S.C. § 1915**
     STATE OF TENNESSEE, et al.,
10
              Defendants.
11

12

13   **I.      INTRODUCTION**

14          Plaintiff Marilyn Yvette Cook, pro se, applied to proceed in forma pauperis and the Court

15   granted her application.  *See* Docket No. 6.  The Court now reviews the sufficiency of Plaintiff's

16   complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B).  Because the complaint

17   does not appear to plausibly state a claim, Plaintiff is ORDERED TO SHOW CAUSE why the

18   complaint should not be dismissed.  Plaintiff may file either an amended complaint or a response

19   to this order addressing why her complaint is sufficient, no later than November 17, 2023.  The

20   Case Management Conference set for December 8, 2023 is vacated.

21   **II.     ALLEGATIONS OF THE COMPLAINT**

22          Plaintiff has named the following defendants in her complaint: the State of Tennessee,

23   Blount County Register of Deeds, Phyllis Crisp, the Alcoa Police Department, Kris Sanders.  She

24   asserts in the Complaint that there is diversity jurisdiction over her claims because she is a resident

25   of California and all of the defendants reside in Tennessee.  Compl. at ECF p. 1.  She asserts that

26   there is more than $75,000 in controversy.  *Id.*  In the "Relief Sought" section of her complaint,

27   she seeks "a sum certain" of $365,000,000.00.  *Id.*  at ECF p. 4.

28          The Fact section of the complaint begins with the allegation that on August 7, 2017 a

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

"True Bill" was filed in the Circuit Court for Blount County Tennessee. *Id.* at ECF p. 2. This

document is purportedly attached as Exhibit 1 (ECF pp. 12-24), which is a series of documents

that appear to relate to a property located at 273 West Stephenson Street, Alcoa, Tennessee.  This

allegation is followed by "THE 10 MAXIMS OF COMMERCIAL LAW[,]" which include the

following highlighted statements:

> 3. In commerce, truth is sovereign.

> 4. Truth is expressed in the form of an affidavit.

> 5. An unrebutted affidavit stands as truth in commerce.

> 6. An unrebutted affidavit becomes judgment in commerce.

> 7. A matter must be expressed to be resolved.

> . . .

> 10. A lien or claim can be satisfied only through (a) rebuttal by counter affidavit point by
>
> point; (b) resolution by a jury; or (c) payment or performance of the claim.

*Id.* at ECF p. 2.

> Next, Plaintiff alleges:
>
> CHARGE: VIOLATION OF DRAWING PROPERTY TRANSFER DOCUMENTS WITHOUT INTEREST IN PROPERTY; VIOLATION OF DRAWING A LIEN AGAINST REAL OR PERSONAL PROPERTY WITHOUT LEGAL BASIS x 5; CRIMINAL IMPERSONATION.
>
> 1.The PLAINTIFF MARILYN YVETTE COOK has an interest in the property stated in the TRUE BILL. See EXHIBIT 1, Fax to LVN CORPORATION, AVIDAVIT OF ADVERSE POSSESSION, AFFIDAVIT IN LAWFUL POSSESSION/NOTICE TO PARTIES, NOTICE OF REVOCATION OF AND COLLAPSE OF DEED OF TRUST #001810260.
>
> 2. The PLAINTIFF is appointed Personal Representative of the Estate of FLORENCE LOUISE ROWAN and the ESTATE of EVA JUANITA COTNER. See EXHIBIT 2, ORDER OPENING THE ESTATE AND APPOINTING PERSONAL REPRESENTATIVE AND ORDER TO REOPEN ESTATE.
>
> 3. See Exhibit 3, UCC-3 FILING Certification of Trust regarding the FLORENCE LOUISE ROWAN REVOCABLE LIVING TRUST AND Certification of Trust regarding the EVA JUANITA COTNER REVOCABLE LIVING TRUST.
>
> 4. See EXHIBIT 4, UCC LIEN CERTIFIED SEARCH REPORT.

1    *Id.* at ECF p. 3.  This is followed by the allegation that "PLAINTIFF has established

2    'JUDGMENT IN ESTOPPEL' against the DEFENDANTS as evidenced by attached EXHIBITS."

3    *Id.*  Under the heading "Claims," Plaintiff alleges: "PLAINTIFF is entitled to relief in the

4    equitable claim. DEFENDANTS is estoped for INTERLOPING in COMMERICAL affairs and

5    disregarding the PLAINTFF as a CREDITOR. See Exhibit 5 COPY RIGHT NOTICE."  *Id.*

6       Finally, under the heading, "RELIEF SOUGHT" Plaintiff states:

7         PLANTIFF request Judicial review of her Administrative Process and
     Remedy, find the facts and execute on the law of contract and

8         COMMERCIAL LAW. Finally, PLAINTIFF Requests the Court
     ORDER the DEFENDANTS to pay the sum certain $365,000,000.00

9         over to PLAINTIFF, for damages she has suffered in reference to the
     DEFENDANTS and release the ORDER of the Court to the

10        PLAINTIFF MARILYN YVETTE COOK.

11   *Id.*

12   **III. ANALYSIS**

13     **A. Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)**

14      Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave

15   to proceed in forma pauperis, courts must engage in screening and dismiss any claims which:

16   (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek

17   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see*

18   *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

19      To state a claim for relief, a plaintiff must make "a short and plain statement of the claim

20   showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).   Further, a claim may be

21   dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6);

22   *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir.

23   2007).  In determining whether a plaintiff fails to state a claim, the court takes "all allegations of

24   material fact in the complaint as true and construe[s] them in the light most favorable to the non-

25   moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975

26   (9th Cir. 2007).  However, "the tenet that a court must accept a complaint's allegations as true is

27   inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S.

28   662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not

United States District Court
Northern District of California

United States District Court
Northern District of California

1    necessarily assume the truth of legal conclusions merely because they are cast in the form of

2    factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal

3    quotation marks omitted).  The complaint need not contain "detailed factual allegations," but must

4    allege facts sufficient to "state a claim to relief that is plausible on its face."  *Id*. at 678 (citing

5    *Twombly*, 550 U.S. at 570).

6         Where the complaint has been filed by a pro se plaintiff, courts must "construe the

7    pleadings liberally . . . to afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d

8    338, 342 (9th Cir. 2010).  "A pro se litigant must be given leave to amend his or her complaint

9    unless it is absolutely clear that the deficiencies in the complaint could not be cured by

10   amendment."  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds

11   by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).  Further,

12   when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must

13   provide the litigant with notice of the deficiencies in his complaint in order to ensure that the

14   litigant uses the opportunity to amend effectively."  *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d

15   1258, 1261 (9th Cir. 1992)).

16   **B.    Discussion**

17        Plaintiff has not complied with Rule 8(a)(2).  She has not alleged specific facts identifying

18   the relevant conduct of each defendant.  Nor has she identified the specific claims she asserts

19   against each defendant.  The Court notes that there are no factual allegations whatsoever relating

20   to any of the named defendants. Although it appears that Plaintiff may be asking the Court to find

21   that she is the owner of the property that is described in many of the documents attached to the

22   complaint, there is no clear explanation of the legal basis for her claim or how her legal theory

23   relates to any particular defendant.

24        The Court also notes that to the extent that Plaintiff seeks to sue the State of Tennessee,

25   that defendant is entitled to immunity under the Eleventh Amendment unless it has specifically

26   consented to being sued in federal court. *See Pennhurst State School and Hospital v. Halderman*,

27   465 U.S. 89, 100 (1984) ("an unconsenting State is immune from suits brought in federal courts by

28   her own citizens as well as by citizens of another state.") (quoting *Employees v. Missouri Dept. of*

4

*Public Health and Welfare*, 411 U.S. 279, 280 (1973)).  There are no allegations in the Complaint that suggest that Plaintiff's claims fall within any consent to be sued by the State of Tennessee.

## IV.     CONCLUSION

For the reasons discussed above, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed for the reasons stated above.   Plaintiff may respond by filing either an amended complaint that addresses the deficiencies discussed above or a response that addresses why her current complaint is sufficient.  Plaintiff's response shall be filed by **November 17, 2023**. If Plaintiff  does not file a response by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Any amended complaint must include the caption and civil case number used in this order (23-cv-04619) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must include all of the facts and claims Plaintiff wishes to present and all of the defendants she wishes to sue.

Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance.  The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102.  The Oakland office is located in Room 470 S on the 4th floor at 1301 Clay Street, Oakland, CA 94612.  Appointments, which are currently being conducted by telephone or video-conference, can be made by calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org.  Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated:  October 31, 2023

_____
JOSEPH C. SPERO
United States Magistrate Judge